1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   SIERRA VIEW LOCAL HEALTH CARE          No.  1:15-cv-00689-JAM-SAB
     DISTRICT,
12
                    Plaintiff,
13                                          **ORDER DENYING DEFENDANT'S MOTION**
          v.                                **TO DISMISS AND MOTION TO STRIKE**
14
     INFLUENCE HEALTH, INC.,
15
                    Defendant.
16

17        Plaintiff Sierra View Local Health Care District

18   ("Plaintiff") has amended its California False Claims Act

19   ("CFCA") cause of action in an attempt to comply with the

20   heightened pleading standard required for fraud claims.

21   Plaintiff's First Amended Complaint ("FAC") now includes three

22   CFCA claims (Doc. #26).  Defendant Influence Health, Inc.

23   ("Defendant") moves to dismiss Plaintiff's CFCA claims (Doc. #29)

24   and to strike portions of Plaintiff's FAC (Doc. #30).  Plaintiff

25   opposes both motions (Docs. ## 35, 36).  For the reasons

26   discussed below, the Court finds that Plaintiff has clarified its

27   CFCA claims and has properly alleged facts sufficient to put

28   Defendant on notice of the allegations against it.  Accordingly,

                                   1

1  the Court DENIES Defendant's motion to dismiss Plaintiff's sixth,

2  seventh, and eighth causes of action.  The Court also DENIES

3  Defendant's motion to strike.

4

5        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

6        On February 26, 2010, Plaintiff entered into a Software

7  License Agreement ("License Agreement") to purchase software

8  modules from Defendant.  FAC ¶ 5.  The parties amended the

9  License Agreement with Add-on Order #1, Change-order #1, and

10 Change-order #2.  Id.  The parties also entered into a Software

11 Maintenance Agreement ("Maintenance Agreement").  Id.

12       In April 2011, Defendant submitted notices of completion for

13 the software modules to Plaintiff's project manager.  Id. ¶ 7.

14 Plaintiff alleges that at least five of the modules were not

15 complete at the time Defendant submitted the notices of

16 completion.  Id. ¶ 10.  Four of the modules were allegedly never

17 completed.  Id.  Plaintiff alleges that in May 2011, Defendant

18 began wrongfully billing Plaintiff maintenance fees for modules

19 that were not complete.  Id. ¶ 11.

20       Three years after Plaintiff started paying the maintenance

21 fees, Plaintiff discovered that only four of the twelve modules

22 it purchased from Defendant were actually functioning.  Id. ¶ 17.

23 In September 2014, Plaintiff verbally and in writing requested a

24 reduction in maintenance fees, but Defendant refused.  Id. ¶ 18.

25 Plaintiff then stopped paying the maintenance fees.  Id.

26       In January 2015, Plaintiff's counsel demanded a refund of

27 maintenance fees in writing and notified Defendant of Plaintiff's

28 claim that Defendant had violated the False Claims Act.  Id.

1   ¶ 19.

2        On April 9, 2015, Plaintiff filed suit against Defendant

3   (Doc #1).  Defendant moved to dismiss each cause of action (Doc.

4   #5).  The Court granted in part and denied in part Defendant's

5   motion to dismiss.  The Court dismissed Plaintiff's CFCA claim

6   with leave to amend.  Plaintiff then filed its FAC, which

7   includes four separate claims for breach of contract, one claim

8   for unjust enrichment, and three claims for violation of the

9   CFCA.  FAC at 1.  Defendant moved to dismiss Plaintiff's sixth,

10  seventh, and eighth causes of action for violation of the CFCA.

11  Mot. to Dismiss at 1.

12

13                    II.   OPINION

14       A.   Legal standard for pleading a CFCA claim

15       An entity violates the CFCA when it "knowingly presents or

16  causes to be presented a false record or statement material to a

17  false or fraudulent claim."  Cal. Gov't Code § 12651(a)(1).

18  "Knowingly" includes having "actual knowledge" of the

19  information, acting with "deliberate ignorance of the truth or

20  falsity of the information," or acting with "reckless disregard

21  for the truth or falsity of the information."  Id. § 12650(b)(3).

22  "Proof of specific intent to defraud is not required."  Id.

23  "Claim" means "any request or demand, whether under contract or

24  otherwise, for money, property, or services."  Id. § 12650(b)(1).

25       Claims brought under the CFCA must meet the heightened

26  pleading standards of Federal Rule of Civil Procedure 9(b).

27  California ex rel. Mueller v. Walgreen Corp., 175 F.R.D. 638, 639

28  (N.D. Cal. 1997).  "Under Rule 9(b), the circumstances

                                3

1  constituting fraud or mistake shall be stated with particularity,

2  but intent may be averred generally." <u>United States v. Sequel</u>

3  <u>Contractors, Inc.</u>, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005)

4  (citing <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806

5  F.2d 1393, 1401 (9th Cir. 1986)) (internal quotation marks

6  omitted).  The pleader must also "state the time, place, and

7  specific content of the false representations as well as the

8  identities of the parties to the misrepresentation." <u>Schreiber</u>,

9  806 F.2d at 1401.  Allegations under the CFCA must be specific

10  enough "to give defendants notice of the particular misconduct so

11  that they can defend against the charge." <u>Cnty. of Santa Clara</u>

12  <u>v. Astra U.S., Inc.</u>, 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006).

13       B.    <u>Analysis</u>

14       Defendant argues that each of Plaintiff's three CFCA claims

15  are "beset by the same two maladies": first, Plaintiff has

16  failed to plead its CFCA claims with the specificity required

17  for fraud claims in federal court; and second, Plaintiff's CFCA

18  claims are "wholly duplicative" of Plaintiff's breach of

19  contract claims. Mot. to Dismiss at 4.

20            1.    <u>Plaintiff's Claims Meet the Specificity</u>

21                  <u>Requirement</u>

22       As to Defendant's first argument, i.e. that Plaintiff has

23  failed to allege the "who, what, where, and when" of the

24  purported fraud, Plaintiff responds by specifically identifying

25  the "who, what, where, and when" for each of its CFCA claims.

26  Opp. at 6-8.  Regarding "who," Plaintiff argues that alleging

27  that Influence Health, Inc. committed the fraud is sufficient.

28  <u>Id.</u> at 6.  Plaintiff argues that "[s]ince this is a corporate

4

1  fraud claim . . . the individual employees of the Defendants

2  [sic] need not be alleged." Id.  Plaintiff cites to Wool v.

3  Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987) for

4  this proposition.  Id.  In Wool, however, the Plaintiff

5  identified three individual officers who were involved in the

6  alleged fraud.

7      Plaintiff has not alleged the names or job titles of any of

8  Defendant's employees who may be involved in the alleged fraud.

9  However, at least one California appellate court has held that a

10  plaintiff stated a claim under the False Claims Act even though

11  the plaintiff did not allege the names or titles of the

12  employees engaged in the alleged fraud.  Wells v. One2One

13  Learning Found., 2009 WL 426216, at *8 (Cal. Ct. App. Feb. 20,

14  2009).  The Wells court stated that "the purpose of the

15  particularity requirement is to allow the defendant to

16  understand fully the nature of the charge made." Id. (internal

17  quotation marks omitted).  The court in Wells held that the

18  plaintiff had satisfied that purpose, even without alleging

19  specific names of employees who engaged in the alleged fraud.

20  Id.  Here, therefore, Plaintiff's CFCA claims cannot be

21  dismissed solely because Plaintiff has not yet identified which

22  individual employees engaged in the alleged fraud.

23      Plaintiff also outlines the "what," "when," and "where" for

24  each of its claims.  Opp. at 6-8.  For Plaintiff's sixth cause

25  of action, Plaintiff explains that the parties modified the

26  contract and "expressly agreed that no maintenance fees would be

27  invoiced for the sleep lab." FAC ¶ 70.  Plaintiff then alleges

28  that beginning on May 1, 2011 (the "when"), Defendant began

5

charging Plaintiff monthly maintenance fees.  <u>Id.</u>  As to the "where" Plaintiff argues that "[t]he complaint makes it clear that the false claims were presented to Sierra View . . . located in Tulare County, California."  Opp. at 6.  The Court agrees; such allegations are sufficient to put Defendant on notice of "where" the alleged fraud occurred.

As to the "what" in Plaintiff's seventh cause of action, Plaintiff alleges that "each invoice for maintenance fees submitted by Defendant . . . includes a demand for payment of maintenance fees for the four modules . . . which Defendant never completed."  FAC ¶ 88.  Plaintiff alleges that the maintenance fees paid on incomplete modules totals $81,000.  <u>Id.</u> ¶ 90.  For Plaintiff's eighth cause of action, Plaintiff alleges that Defendant charged Plaintiff maintenance fees on the modules before Plaintiff accepted the modules.  <u>Id.</u> ¶¶ 96, 97.  These allegations explain "what" the alleged fraud is and allow the Defendant to fully understand the charges against it.

Overall, Plaintiff's FAC provides more factual detail about the alleged misconduct than Plaintiff's original complaint. Though Defendant argues that the allegations in Plaintiff's FAC are just as insufficient as its allegations in the original complaint, the Court disagrees.  Plaintiff has provided Defendant notice of what it believes constitutes fraud in violation of the CFCA.  Defendant has sufficient information to conduct its own investigation and discovery to mount a defense to the CFCA claims.  Dismissal on this ground is therefore not warranted.

//

1            2.    Plaintiff's CFCA claims are not duplicative

2        Defendant next argues that Plaintiff's CFCA claims should

3  be dismissed because they are duplicative of Plaintiff's breach

4  of contract claims.   Mot.to Dismiss at 6.   Plaintiff responds to

5  this argument by citing to three cases in which the plaintiff

6  brought both a FCA or CFCA claim and a breach of contract claim.

7  Opp. at 3-4.   Defendant argues that each of the cases that

8  Plaintiff cites to is irrelevant.   Reply at 4.

9        One of the cases is, indeed, irrelevant.   In United States

10 v. Sequel Contractors, Inc., the plaintiff brought a breach of

11 contract claim and a claim for violation of the CFCA.   402 F.

12 Supp. 2d 1142, 1146 (C.D. Cal. 2005).   The court, however, did

13 not address whether plaintiff could bring both of those causes

14 of action based on the same facts.   The other two cases,

15 however, are relevant to the "duplication" issue.   In San

16 Francisco Unified Sch. Dist. ex rel. Contreras v. Laidlaw

17 Transit, Inc., the court addressed the issue of whether "a

18 request for payment under a contract . . . can form the basis

19 for a CFCA claim."   182 Cal. App. 4th 438, 448 (2010), as

20 modified on denial of reh'g (Mar. 25, 2010).   The Laidlaw court

21 held that a request for payment under a contract where the

22 company requesting payment had not complied with an aspect of

23 the contract can serve as a basis for a CFCA claim.   Id. at 453.

24 In Stacy & Witbeck, Inc. v. City & Cty. of S.F., the court

25 specifically stated that contract claims are not "expressly

26 excluded from the application of the FCA."   47 Cal. App. 4th 1, 9

27 (1996).   While these cases do not explicitly state that a

28 plaintiff can bring both a breach of contract claim and a CFCA

1  claim, they do indicate that a CFCA claim can arise from an
2  alleged failure to comply with a contract.

3      Additionally, the "scienter" or "knowledge" requirement of
4  the CFCA distinguishes CFCA claims from breach of contract
5  claims.  See United States ex rel. Morsell v. Symantec Corp.,
6  2015 WL 5449795, at *9 (D.D.C. Sept. 10, 2015) ("The knowledge
7  requirement helps 'ensure that ordinary breaches of contract are
8  not converted into FCA liability.'") (citing United States v.
9  Sci. Applications Int'l Corp., 626 F.3d 1257, 1271 (D.C. Cir.
10 2010)).  The difference between Plaintiff's breach of contract
11 claims and its CFCA claims is the inclusion of the "knowledge"
12 element with the CFCA claims.  Regarding Plaintiff's breach of
13 contract claims, Plaintiff alleges that Defendant charged fees
14 on modules in violation of the contract.  Compl. at 9-15.
15 Regarding its CFCA claims, however, Plaintiff alleges that
16 Defendant billed Plaintiff for modules that Defendant *knew* were
17 never completed.  Id. at 18-27.  Plaintiff's allegations
18 regarding Defendant's knowledge of the status of the modules
19 distinguishes Plaintiff's breach of contract claims from its
20 CFCA claims.  The Court finds, therefore that Plaintiff's
21 contract and CFCA claims are not duplicative and this action
22 will proceed on all the causes of action in the FAC.

23      C.   Defendant's Motion to Strike

24      Defendant argues that the Court must strike Plaintiff's
25 references to treble damages and civil penalties in its FAC
26 because seeking such remedies is "in derogation of the specific
27 language of the governing contract."  Notice of Mot. to Strike
28 at 1.  Defendant argues that a clause in the License Agreement

8

1  prohibits either party from recovering treble damages or
2  penalties.  Mot. to Strike at 2.  The Court, however, has not
3  determined that the License Agreement is enforceable.
4  Determining whether the limitation of remedies clause in the
5  License Agreement is enforceable would require the Court to
6  interpret the contract, which is inappropriate at this stage in
7  the litigation.  Gardner v. RSM & A Foreclosure Servs., LLC,
8  2013 WL 1129392, at *3 (E.D. Cal. Mar. 18, 2013)("[I]t is
9  inappropriate at the motion to dismiss stage for [the] Court to
10  interpret the parties' contract and evaluate the viability of
11  [the] [p]laintiff's claims based on the terms of the
12  contract.").  Defendant's motion to strike is denied.

13

14                          III. ORDER

15       For the reasons set forth above, the Court DENIES
16  Defendant's motion to dismiss and motion to strike. Defendant
17  shall file its Answer to the FAC within twenty days of the date
18  of this Order.

19       IT IS SO ORDERED.

20  Dated: February 5, 2016

21
                                    _____
22                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28
                              9