1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SIERRA VIEW LOCAL HEALTH CARE          No.  1:15-cv-00689-DAD-SAB
     DISTRICT,
12
              Plaintiff,
13                                          ORDER DENYING PLAINTIFF'S MOTION
         v.                                 TO DISMISS
14
     INLFLUENCE HEALTH, INC.,               (Doc. No. 47)
15
              Defendant.
16

17

18        This matter came before the court on April 19, 2016, for hearing of plaintiff's motion to

19   dismiss defendant's crossclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20   Procedure.  Alexander Reed-Krase appeared on behalf of plaintiff Sierra View Local Health Care

21   District ("Sierra View"), and Daniel L. Baxter appeared on behalf of defendant Influence Health,

22   Inc. ("Influence").  Following oral argument, plaintiff's motion was taken under submission.  For

23   the reasons stated below, the court denies the plaintiff's motion to dismiss defendant's

24   crossclaims.

25                                   BACKGROUND

26        On April 9, 2015, plaintiff Sierra View commenced this action in the Superior Court of

27   California for the County of Tulare-South County Justice Center, Case No. PCU260332.  (Doc.

28
                                          1

No. 1.)  On April 8, 2015, defendant Influence removed this action from state court pursuant to 28 U.S.C. § 1441(b).  (*Id.*)

The case now proceeds before this court on plaintiff's first amended complaint ("FAC"), filed October 27, 2015.  (Doc. No. 26.)  In the FAC, plaintiff brings three claim under the California False Claims Act ("CFCA"), alleging in relevant part as follows.  (*Id.*)  On February 26, 2010, plaintiff Sierra View entered into a Software License Agreement ("License Agreement") to purchase software modules from the defendant Influence.  (*Id.*)  Plaintiff also entered into a Software Maintenance Agreement ("Maintenance Agreement") with defendant. (*Id.*)  Defendant submitted notices of completion for software modules that were not complete and, in May 2011, defendant began wrongfully billing plaintiff maintenance fees for incomplete modules.  (*Id.*)  Three years after plaintiff began paying those maintenance fees, plaintiff discovered that only four of the twelve modules purchased from defendant were functioning. (*Id.*)  When defendant refused plaintiff's verbal and written requests for a reduction in maintenance fees, plaintiff stopped paying them.  (*Id.*)  In January 2015, plaintiff's counsel demanded a refund of the paid maintenance fees and notified defendant of plaintiff's claim that defendant had violated the CFCA.  (*Id.*)  Plaintiff filed its original complaint against defendant on April 9, 2015.  (*Id.*)

On February 23, 2016, defendant filed an answer to plaintiff's complaint, and brought four counterclaims against plaintiff.  (Doc. No. 43.)  On March 10, 2016, plaintiff filed a motion to dismiss defendant's counterclaims.[1]  (Doc. No. 47–49.)  Defendant filed their opposition on April 5, 2016.  (Doc. No. 50.)  The relevant arguments made by both parties are summarized below.

Defendant's first counterclaim is a breach of contract claim based on plaintiff's alleged violation of the parties' License Agreement.  Plaintiff moves to dismiss, or in the alternative, seeks a more definite statement, arguing that defendant failed to plead all the material terms of the

---

[1]  In the motion to dismiss, plaintiff refers to defendant's "crossclaims."  However, because plaintiff moves to dismiss the claims asserted by the defendant pursuant to Federal Civil Procedure Rule 13(a) (Doc. No. 43), the court will construe plaintiff's motion as moving for dismissal of defendant's counterclaims.

1    contract, failed to articulate the nature of plaintiff's alleged breach, and did not specify the

2    responsibilities defendant had fulfilled before the alleged breach.  (Doc. No. 48 at 2–4.)

3           Defendant's second counterclaim concerns a breach of contract action rooted in plaintiff's

4    alleged breach of Add-on Order #3, a December 22, 2010 amendment to the License Agreement.

5    Plaintiff moves to dismiss, or alternatively moves for a more definite statement, as to this claim

6    arguing that:  defendant did not include a necessary exhibit in their counterclaim filing; defendant

7    did not properly allege the duties executed by defendant under the contract before the alleged

8    breach; and the statute of limitations bars this counterclaim brought by defendant.  (*Id.* at 5–6.)

9           Defendant's third counterclaim is a quantum meruit claim for the value of goods and

10   services rendered by defendant to plaintiff.  Plaintiff argues that defendant's quantum meruit

11   counterclaim should be dismissed because defendant has already pleaded the existence of an

12   enforceable contract and cannot maintain a quantum meruit action without pleading facts

13   suggesting the contract may be unenforceable or invalid.  (*Id.* at 6–8.)

14          Finally, defendant's fourth counterclaim is a declaratory relief action to establish the

15   rights and legal relations of the parties under Add-on Order #3.  Plaintiff moves to dismiss

16   defendant's declaratory relief counterclaim, arguing that it is redundant given defendant's

17   simultaneous breach of contract counterclaim related to Add-on #3.  (*Id.* at 8.)

18                                            LEGAL STANDARDS

19   **I.      Motions to Dismiss**

20          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

21   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

22   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

23   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

24   F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the

25   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Through Rule 8(a)

26   does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state

27   a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

28   (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the

1    plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2    defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3         In determining whether a complaint states a claim on which relief may be granted, the

4    court accepts as true the allegations in the complaint and construes the allegations in the light

5    most favorable to the party bringing the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73

6    (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, it is inappropriate

7    to assume that the party bringing the complaint "can prove facts which it has not alleged or that

8    the [opposing party has] violated the . . . laws in ways that have not been alleged." *Associated*

9    *Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

10   **II.      Motions for a more definite statement**

11        Federal Rule of Civil Procedure 12(e) provides:

12              A party may move for a more definite statement of a pleading to
                which a responsive pleading is allowed but which is so vague or
13              ambiguous that the party cannot reasonably prepare a response.
                The motion must be made before filing a responsive pleading and
14              must point out the defects complained of and the details desired.  If
                the court orders a more definite statement and the order is not
15              obeyed within 14 days after notice of the order or within the time
                the court sets, the court may strike the pleading or issue any other
16              appropriate order.

17   Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ( "If a

18   pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant

19   can move for a more definite statement under Rule 12(e) before responding"); *C.B. v. Sonora Sch.*

20   *Dist.,* 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if

21   the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

22   asserted, i.e., so vague that the defendant cannot begin to frame a response").

23        A court should deny a motion for a more definite statement "if the complaint is specific

24   enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail

25   sought by a motion for more definite statement is obtainable through discovery." *C.B.*, 691 F.

26   Supp. 2d at 1191.  Thus, a Rule 12(e) motion "is likely to be denied where the substance of the

27   claim has been alleged, even though some of the details are omitted." *Neveu v. City of Fresno*,

28   392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with

4

1   Federal Rule of Civil Procedure 8(a), which allows pleadings that simply contain a "short and

2   plain statement of the claim." *Id.*

3                                             ANALYSIS

4   **I.       Defendant's First Counterclaim: Breach of the License Agreement**

5           To state a cause of action for breach of contract under California law, a party must plead

6   the existence of a contract, performance or excuse for nonperformance by the injured party,

7   breach by the offending party, and damages. *Walsh v. West Valley Mission Community College*

8   *Dist.*, 66 Cal. App. 4th 1532, 1545 (1998); *Neal v. Quality Loan Service Corp*, 301 Fed. Appx.

9   679, 680 (2008); *see also Wang & Wang LLP v. Banco Do Brasil, S.A.*, No. Civ. S-06-00761

10  DFL KJM, 2007 WL 915232, at *3 (E.D. Cal. Mar. 26, 2007) (noting that, when state law claims

11  are raised in federal court, the manner in which state law claims or defenses are raised is

12  governed by the Federal Rules rather than by California pleading standards).

13          In moving to dismiss, plaintiff argues that defendant's counterclaim for plaintiff's alleged

14  breach of the License Agreement does not state a claim for relief for two reasons.  First, plaintiff

15  argues that defendant failed to plead all the material terms of the contract, since the defendant

16  neither attached the contract to the pleading nor described it adequately therein.  (Doc. No. 48 at

17  2–3.)  Plaintiff emphasizes that, while several provisions of the License Agreement incorporate or

18  reference the Maintenance Agreement, defendant has failed to attach the Maintenance Agreement

19  itself to the pleading.  (*Id.*)  Second, plaintiff argues that defendant has failed to articulate the

20  nature of plaintiff's alleged breach.  (*Id.* at 3–4.)  Plaintiff contends that "Influence failed to plead

21  with specificity which contractual terms of the Maintenance Agreement, if any, it believes Sierra

22  View breached"; that "Influence did not specify which undisputed invoices [for maintenance

23  fees] are unpaid"; and that Influence does not explain how or why it is entitled to the claimed

24  $127,406.98 in damages.  (*Id.*)  Plaintiff also suggests that defendant's answer contradicts its

25  counterclaim, noting that the former indicates that plaintiff disputed certain invoices, and the

26  latter argues that particular undisputed invoices are unpaid.  (*Id.* at 4.)  Plaintiff argues that

27  defendant's counterclaim therefore "should be dismissed so that it can resolve this inconsistency."

28  (*Id.*)

                                                    5

1   Defendant refutes plaintiff's arguments.  Defendant contends that it has properly included

2   the relevant contractual provisions into its counterclaim, and that its pleading is sufficient to

3   survive a motion to dismiss.  (Doc. No. 50 at 2–4.)  While acknowledging that the Maintenance

4   Agreement is not attached to its pleadings, defendant notes that the first counterclaim is based not

5   on the Maintenance Agreement but on the requirements of License Agreement ¶ 4(a) and

6   Schedule A, both of which are referenced in and attached to its pleadings.  (*Id.* at 3.)  According

7   to defendant, plaintiff's argument concerning the Maintenance Agreement "amounts to much ado

8   about nothing" since both parties are aware of the terms of the Maintenance Agreement and that

9   document was attached to plaintiff's FAC.  (*Id.* at 3.)  Defendant also argues that the pleadings

10  sufficiently allege plaintiff's contractual breaches, noting that they have alleged plaintiff's failure

11  to pay invoices from late 2014 onward and that pleading rules do not require them to attach

12  individual invoices or to allege the breaches with any greater degree of specificity.  (*Id.* at 4–5.)

13  Additionally, defendant denies any contradiction between their answer and counterclaim, saying

14  that "there is nothing even remotely 'contradictory' between an admission that Sierra View

15  'disputed' certain invoices, on the one hand, and an allegation that Sierra View failed to pay

16  'undisputed' fees, on the other.  (*Id.* at 4.)

17      The court finds that the plaintiff's arguments concerning defendant's first counterclaim to

18  be unpersuasive.  As a preliminary matter, the court notes that the sufficiency of defendant's

19  pleadings is governed by the Federal Rules of Civil Procedure and federal law interpreting those

20  rules, and not by California law.  *Wang & Wang LLP,* 2007 WL 915232, at *3.  While plaintiff

21  cites to California authority for the proposition that a party bringing a breach of contract claim

22  must meet certain California-based pleading requirements, "the relaxed pleading standard of Fed.

23  R. Civ. P. 8(a)—not the California standard—applies in federal court."  *Wang & Wang LLP*, 2007

24  WL 915232, at *3.  Indeed, at oral argument counsel for plaintiff acknowledged as much.

25      Here, the defendant's counterclaim alleges the existence of various contracts with the

26  plaintiff, including the License Agreement and the Maintenance Agreement.  (Doc. No. 43 at 14–

27  15.)  The defendant's counterclaim also describes the general nature of the plaintiff's alleged

28  violations, specifically referencing Paragraph 4(a) of the License Agreement and Schedule A's

6

1  pricing and payment terms, (Doc. No. 43 at 15), and basing its claim on plaintiff's failure to pay

2  maintenance invoices from late 2014 onwards.  Defendant's counterclaim adequately puts

3  plaintiff on notice of the legal and factual basis of its breach of contract claim, and is therefore

4  sufficient under Federal Rule of Civil Procedure 8(a).

5        Accordingly, the court denies plaintiff's motion to dismiss defendant's first counterclaim

6  based on alleged breaches of the License Agreement.  Because the defendants' pleading alleges

7  sufficient law and facts for plaintiff to respond, the court also denies defendant's motion for a

8  more definite statement as to this counterclaim.  *See C.B. v. Sonora School Dist.*, 691 F. Supp. 2d

9  1170, 1191 (E.D. Cal. 2010) (observing that "[t]he Court must deny the motion [for a more

10  definite statement] if the [pleading] is "specific enough to notify defendant of the substance of the

11  claim being asserted")

12  **II.**    **Defendant's Second Counterclaim: Breach of Add-on Order #3**

13        Plaintiff next argues that the court should dismiss defendant's second counterclaim based

14  on plaintiff's alleged breach of Add-on Order #3 for three reasons.  First, plaintiff contends that

15  defendant did not include a necessary exhibit with their counterclaim filing.  (Doc. No. 48 at 5.)

16  In particular, plaintiff explains that defendant mistakenly "attached the wrong add-on order 3 as

17  exhibit 2" in their original filing, and only submitted an exhibit containing Add-on Order #3

18  through a notice of errata filed the day before plaintiff's response to the counterclaim was due.

19  (*Id.* at 5.)  Second, plaintiff argues that defendant has not sufficiently described the factual basis

20  of this counterclaim.  (*Id.* at 5–6.)  Specifically, plaintiff claims that defendant (a) has not alleged

21  facts demonstrating that it fulfilled its own obligations under Add-on Order #3 before plaintiff's

22  alleged breach; (b) has not described the nature of plaintiff's breach by failing to alleged what

23  invoices are unpaid or when plaintiff submitted its last payment; and (c) has failed to adequately

24  describe the damages suffered as a result of plaintiff's alleged breach because "Influence has not

25  alleged its lost profits, i.e. the actual damages it would be entitled to if Influence is able to prove

26  the alleged brief."  (*Id.*)  Third, plaintiff argues that defendant's counterclaim is barred by the

27  applicable statute of limitations since more than four years have passed since plaintiff's alleged

28  breach, noting that the court has previously dismissed plaintiff's own claim set forth in its original

7

1   complaint to recover deposit money under the contract based on statute of limitations grounds.

2   (*Id.* at 6.)

3        Defendant offers three responsive arguments.  First, defendant acknowledges their failure

4   to include the proper exhibit containing Add-on Order #3 in their original filing, but explain that

5   "Influence corrected its mistake via the filing of a notice of errata on March 14, 2016," which

6   oriented the parties and the court to the correct exhibit.  (Doc. No. 50 at 5–6.)  Second, defendant

7   refutes the idea that they did not allege sufficient information to state a claim for plaintiff's

8   alleged breach of Add-on Order #3.  (*Id.*)  Defendant contends that they properly alleged that they

9   complied with Add-on Order #3 duties prior to plaintiff's alleged breach and that the applicable

10  pleading standards require only that they allege the performance of their contractual obligations.

11  (*Id.* at 6).  Additionally, defendant argues that they have sufficiently alleged plaintiff's breach of

12  Add-on Order #3 and their damages suffered as a result because their counterclaim specified "that

13  Sierra view failed to 'tender the remaining $130,000 license payment, or tender any of the

14  monthly software maintenance fees required under Add-on Order #3."  (*Id.*)  Third, defendant

15  argues that its second counterclaim was filed within the four year statute of limitations because

16  the claim is based upon a continuing breach of Add-on Order #3 by plaintiff.  (*Id.* at 6–7.)

17       Again, the court is not persuaded by plaintiff's arguments for dismissal of defendant's

18  Add-on Order #3 counterclaim.  First, the defendant's failure to include Add-on Order #3 as an

19  exhibit to their original pleading does not require dismissal of that counterclaim.  Though the

20  parties disagree about whether the defendant properly submitted Add-on Order #3 through a

21  notice of errata filed after their original answer, defendant's original answer itself alleges

22  sufficient information to put plaintiff on notice of the legal basis of defendant's counterclaim.

23  The answer alleges that plaintiff breached a provision of a particular contract, Add-on Order #3

24  and sets forth the relevant terms of that contract, explaining that it required plaintiff "to pay (1) a

25  Software License and Professional Service Fee in the amount of $200,000, consisting of an initial

26  payment of $70,000 upon execution of Add-on Order #3 and further progress payments totaling

27  $130,000, and (2) a monthly software maintenance fee totaling $3,125 per month."  (Doc. No. 43

28  at 16, ¶ 8.)  No more specific facts need be alleged.  *See Skaff v. Meridien North America Beverly*

8

1    *Hills, LLC*, 506 F.3d 832, 841 (noting that federal pleading standards require the provision of

2    "fair notice of the factual basis of the claim . . . specific facts are not necessary").

3          Moreover, though defendant did not include Add-on Order #3 in their original answer,

4    they filed the correct Add-on Order #3 through a "notice of errata" filed twenty days later, on

5    March 14, 2016, (Doc. No. 47).  Because the errata was filed to correct a mistake contained in the

6    original answer, the court can consider the exhibit attached to the notice of errata as an

7    amendment to the defendant's original answer, and may properly consider it as a part of the

8    pleading.  *See* Fed. R. Civ. P. 15(a) (stating that a party may amend a pleading once as a matter of

9    course at any time before a responsive pleading is served, and twenty one days after serving its

10    original pleading); *see also Chudacoff v. University Medical Center*, No. 2:08-cv-00863-ECR-

11    RJJ, 2011 WL 6736050, at *3 (D. Nev. Dec. 21, 2011) (denying defendant's motion to strike a

12    document filed as errata to plaintiff's third amended complaint, explaining that because the errata

13    "was filed to correct mistakes contained in the Third Amended Complaint, the court shall

14    consider the exhibit attached to the errata as an amendment to the third amended complaint

15    contemplated by our previous order, and the errata shall not be stricken").

16          Defendant's second counterclaim also puts forward sufficient factual allegations to state a

17    claim for relief.  Defendant has alleged that they "performed all conditions and obligations

18    required on its part to be performed under Add-on Order #3, except for those conditions and

19    obligations excused by Sierra View's non-performance and/or contractual breach."  (Doc. No. 43

20    at ¶ 18.)  They have described therein the nature of plaintiff's alleged breach, maintaining that

21    plaintiff failed to pay a $130,000 license fee, as well as a $3,125 monthly software maintenance

22    fees under Add-on Order.  (Doc. No. 43 at 16, ¶¶ 8–9.)  They have also asserted damages,

23    alleging that "[a]s a proximate result of Sierra View's breach of Add-on Order #3, Influence has

24    been damaged in an amount to be established at trial."  (Doc. No. 43 at 17, ¶ 19.)  Taking these

25    facts as true, and drawing all reasonable inferences in favor of the defendant, defendant's

26    counterclaim meets the basic pleading requirements of Rule 8.  *See, e.g.*, *Kentwool Company v.*

27    *NetSuite Inc.*, No. 14-cv-05264-JST, 2015 WL 693552, at *7 (N.D. Cal. Feb. 18, 2015) (finding

28    that the plaintiff had adequately pleaded its breach of contract claim, even if plaintiff had not

specifically identified all of the responsibilities it had fulfilled, because plaintiff's complaint had alleged that it "satisf[ied] its obligations under the Agreement"); *Ronpak, Inc. v. Elecs. For Imaging, Inc.*, No. 14–cv–04058-JST, 2015 WL 179560, at *5 (N.D. Cal. Jan. 14, 2015) (denying defendant's motion to dismiss and finding that plaintiff adequately alleged the nature of defendant's breach by alleging that defendant "failed to meet any of its obligations under the license agreement"); *see also Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-cv-00861-KJM-EFB, 2015 WL 5436784, at *8 (E.D. Cal. Sept. 15, 2015) (denying a motion to dismiss, and finding that a party adequately alleged damages because they "allege[d] they have suffered damages as a result of [the non-moving party's] failure to provide to them the coverage and benefits that were due under the policy").

Finally, the court concludes that the second counterclaim is not barred by the statute of limitations.  In that counterclaim defendant alleges a continuing breach of Add-on Order #3 by plaintiff and that plaintiff is engaged in an ongoing failure to pay monthly maintenance fees under the contract.  Because defendant's counterclaim is premised on an ongoing contractual violation, the claim is not barred by the four year statute of limitations applicable to contract claims in California.  *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir. 1998) (rejecting defendants' argument that, in the face of multiple and continuing breaches of a contract, the California statute of limitations should be read to bar any action that is not commenced within four years of the first occasion on which an aggrieved party could have requested rescission); *see also Conway v. Bughouse, Inc.*, 105 Cal. App. 3d 194, 199-200 (1980).

Accordingly, plaintiff's motion to dismiss defendant's second counterclaim will be denied.  Because the second counterclaim provides defendant notice of the substance of the claim being asserted, the court also denies plaintiff's motion for a more definite statement with respect to that counterclaim.

## III.    Defendant's Third Counterclaim: Quantum Meruit

Quantum meruit, or quasi-contract, is "an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De*

10

1   *Laurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992).  *See also Newbery*

2   *Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1404 (9th Cir. 1996) (citing *Hedging Concepts,*

3   *Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996)) (explaining that

4   quantum meruit "rests upon the equitable theory that a contract to pay for services rendered is

5   implied by law for reasons of justice").  Quantum meruit is not the same as an implied-in-fact

6   contract and is based not on the intentions of the parties, but instead on the provision and receipt

7   of benefits and the injustice that would result to the party providing those benefits absent

8   compensation.  *Id.*

9        "To establish a claim for quantum meruit, the plaintiff must prove that: (1) the plaintiff

10   rendered services to the defendant's benefit; and (2) the defendant would be unjustly enriched if

11   the plaintiff was not compensated." *Arrison v. Information Resources, Inc.*, No C95-3554 THE,

12   1999 WL 551232, at *6 (N.D. Cal. July 16, 1999) (citing *De Laurentiis*, 963 F.2d at 1272).  "The

13   burden is on the person making the quantum meruit claim to show the value of his or her services

14   and that they were rendered at the request of the person to be charged." *Miller v. Campbell,*

15   *Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331, 1344 (2008)

16        Parties are entitled to pursue both contract claims and quantum meruit claims arising out

17   of the same transaction, but can seek only one recovery.  *De Laurentiis*, 963 F.2d at 1272 n.3;

18   *Haggerty v. Warner*, 115 Cal. App. 2d 468, 252 P.2d 373, 377 (1953); *see generally* Fed. R. Civ.

19   P. 8(d)(2–3) (establishing that a plaintiff may assert inconsistent theories of recovery at the

20   pleading stage).  A party cannot recover in quantum meruit if an expressed contract exists

21   governing the subject of their compensation.  *Newbery Corp.*, 95 F.3d at 1404; *Frontier*

22   *Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. CV F 11-1590 LJO DLB, 2012 WL

23   485116, at *6 (E.D. Cal. Feb. 14, 2012) (citing *Hedging Concepts, Inc. v. First Alliance*

24   *Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996)).  Thus, while a party can pursue inconsistent

25   claims alleging both the existence and absence of an enforceable contract, a party cannot pursue a

26   quantum meruit claim without pleading facts suggesting that the contract may be unenforceable

27   or invalid.  *Kentwool Co. v. NetSuite Inc*, No. 14-CV-05264-JST, 2015 WL 693552, at *8 (N.D.

28   /////

11

1  Cal. Feb. 18, 2015); *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009), *as modified* (Dec.

2  28, 2009).

3        Here, plaintiff moves to dismiss defendant's quantum meruit counterclaim for two

4  reasons.  First, plaintiff argues that defendant has not pled facts suggesting the relevant contracts,

5  License Agreement and Add-on Order #3, may be unenforceable or invalid.  (Doc. No. 48 at 6–

6  8.)  Citing to the decision in *Newbery*, plaintiff concludes that the defendant may not maintain a

7  quantum meruit claim while simultaneously pleading the existence of an enforceable contract.

8  (*Id.* at 6.)  Second, plaintiff argues that defendant's quantum meruit claim should be dismissed

9  because defendant has failed to "allege the value and description of the goods and services

10  outside of the contract, or as a result of the contract's failure that Influence actually provided to

11  Sierra View."  (*Id.* at 7) (emphasis omitted).

12        Defendant argues against dismissal of its quantum meruit counterclaim emphasizing that a

13  party is allowed to pursue inconsistent theories of recovery at the pleading stage and that it may

14  therefore pursue both a breach of contract claim and a quantum meruit claim.  (Doc. No. 50 at 7.)

15  Defendant contend that the quantum meruit counterclaim alleges sufficient facts in that it is

16  alleged that defendant was acting pursuant to either an express or implied request for services

17  from the plaintiff, and that the services rendered were intended to and did benefit the plaintiff.

18  (*Id.*)  According to defendant, "the case law cited by Sierra View presents no additional element

19  that must be satisfied," defendant claims.  (*Id.*)

20        The court concludes that defendant has satisfied Rule 8's requirements with respect to

21  their quantum meruit counterclaim.  Though defendant alleges both breach of contract and

22  quantum meruit causes of action, they seek only one form of recovery.  (Doc. No. 43 at 18, ¶ 24.)

23  In particular, defendant's third counterclaim seeks recovery under a quantum meruit cause of

24  action only "[i]f the License Agreement and/or Add-on Order #3 are declared invalid for any

25  reason."  (*Id.*)  Under the applicable pleading standards defendant is not required to allege

26  precisely how the contracts between the parties might fail.  Accordingly, plaintiff's motion to

27  dismiss defendant's quantum meruit counterclaim will be denied.

28  /////

1    **IV.     Defendant's Fourth Counterclaim: Declaratory Relief**

2            The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in relevant part:

3                In a case of actual controversy within its jurisdiction ... any court of
                 the United States, upon the filing of an appropriate pleading, may
4                declare the rights and other legal relations of any interested party
                 seeking such declaration, whether or not further relief is or could be
5                sought.

6    28 U.S.C. § 2201(a).  An equitable remedy, declaratory judgment is intended to adjudicate "the

7    parties' rights and obligations on a matter in dispute regardless of whether claims for damages or

8    injunctive relief have yet arisen."  *Garner v. Nationwide Mut. Ins. Co.*, No. 1:10-cv-01631-AWI-

9    SMS, 2011 WL 2118845, at *4 (E.D. Cal. May 27, 2011).  *See also* William W. Schwarzer, A.

10   Wallace Tashima, and James M. Wagstaff, California Practice Guide: Federal Civil Procedure

11   Before Trial § 10.3 (The Rutter Group 2011); *cf. Thompson v. Residential Credit Solutions, Inc.*,

12   No. CIV. 2:11-2261 WBS DAD, 2012 WL 1565688, at *5 (E.D. Cal. May 2, 2012) (explaining

13   that the declaratory judgment act provides an equitable form of relief, but does not provide an

14   independent cause of action).  Where diversity jurisdiction exists, the district court has discretion

15   to hear a declaratory judgment action.  *Avemco Ins. Co. v. Davenport*, 140 F.3d 839, 842 n.1 (9th

16   Cir. 1998).

17           "It is elementary that questions relating to the formation of a contract, its validity, its

18   construction and effect, excuses for nonperformance, and termination are proper subjects for

19   declaratory relief."  *Black & Veatch Corp. v. Modesto Irrigation Dist.*, 827 F. Supp. 2d 1130,

20   1148 (E.D. Cal. Oct. 28, 2011) (citing *Caira v. Offner*, 126 Cal. App. 4th 12, 24 (2005)).  A

21   complaint for declaratory relief is legally sufficient "if it sets forth facts showing existence of

22   actual controversy relating to parties' legal rights and duties under a written instrument and

23   requests that rights and duties be adjudged."  *Black & Veatch Corp*, 827 F. Supp. 2d at 1148.  S*ee*

24   *also Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir.1986) (stating that declaratory relief is

25   appropriate where the judgment will "serve a useful purpose in clarifying and settling the legal

26   relations in issue, and . . . will terminate and afford relief from the uncertainty, insecurity, and

27   controversy giving rise to the proceeding") (citation omitted).  In contrast, declaratory relief is not

28   available if it will "neither serve a useful purpose in clarifying and settling the legal relations in

1    issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced

2    by the parties." *United States v. Washington*, 759 F.2d 1353, 1356–57 (9th Cir. 1985).

3         In its motion to dismiss, plaintiff argues that defendant's counterclaim for declaratory

4    relief is unnecessary because it seeks the same relief sought by defendant under their breach of

5    contract claims and is therefore "redundant." (Doc. No. 48 at 8.)  The plaintiff notes that the

6    court has previously dismissed plaintiff's own claim for declaratory relief after finding the claim

7    duplicative of plaintiff's other breach of contract action.  (*Id.*)

8         Defendant argues that declaratory relief is proper and not redundant of the breach of

9    contract claim.  (Doc. No. 50 at 8–9.)  Defendant specifies that "Influence brings a claim for

10   damages based on Sierra View's breach of Add-on Order #3, but also requests a declaration

11   regarding the underlying validity of that instrument and the parties' ongoing rights and

12   obligations thereunder."  (*Id.* at 9.)  Defendant contends that its actions "are not duplicative of one

13   another."  (*Id.*)  The court agrees.

14        Because defendant seeks declaratory relief not to settle contractual issues between the

15   parties, but instead to settle the parties' future rights and obligations under Add-on Order #3,

16   defendant's declaratory relief counterclaim is not duplicative or unnecessary.  Accordingly, the

17   court denies plaintiff's motion to dismiss defendant's counterclaim for declaratory relief.

18                                        CONCLUSION

19        For all of the reasons set forth above, the court denies plaintiff Sierra View's motion to

20   dismiss (Doc. No. 47) defendant's four counterclaims.

21   IT IS SO ORDERED.

22   Dated:   **May 3, 2016**                    _____

23                                               UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                               14