UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA VIEW LOCAL HEALTH CARE DISTRICT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INFLUENCE HEALTH, INC., and DOES 1 through 100,<br><br>　　　　　　Defendants. | No. 1:15-cv-00689-DAD-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 58) |

This matter came before the court on June 21, 2016, for hearing of defendant's motion for judgment on the pleadings brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure with respect to plaintiff's California False Claims Act claims. Attorney Robert Krase appeared at the hearing on behalf of plaintiff Sierra View Local Health Care District ("Sierra View"). Attorney Daniel L. Baxter appeared on behalf of defendant Influence Health, Inc. ("Influence"). Following oral argument, defendant's motion was taken under submission. For the reasons stated below, the court will grant defendant's motion for judgment on the pleadings.

BACKGROUND

On April 9, 2015, plaintiff Sierra View commenced this action in the Superior Court of California for the County of Tulare-South County Justice Center, Case No. PCU260332. (Doc. No. 1.) On April 8, 2015, defendant Influence removed this action from state court pursuant to 28

1

U.S.C. § 1441(b). (*Id.*)

The case now proceeds before this court on plaintiff's first amended complaint ("FAC"), filed October 27, 2015. (Doc. No. 26.) In the FAC, plaintiff brings eight claims against defendant: (1) four breach of contract claims, (2) one unjust enrichment claim, (3) and three claims under the California False Claims Act ("CFCA"), California Government Code § 12650. (*Id.* at 1.) With respect to the CFCA claims, plaintiff brings these claims in its capacity as "a political subdivision of the State of California." (*Id.* at 18, 21, 25, ¶¶ 68, 80, 94.)

The FAC alleges in relevant part as follows. On February 26, 2010, plaintiff Sierra View entered into a Software License Agreement ("License Agreement") to purchase software modules from the defendant Influence. (*Id.* at 3, ¶ 5.) Plaintiff also entered into a Software Maintenance Agreement ("Maintenance Agreement") with defendant. (*Id.*) Defendant submitted notices of completion for software modules that were not finished, and in May 2011, defendant began wrongfully billing plaintiff maintenance fees for incomplete modules. (*Id.* at 5, ¶ 11.) Three years after beginning paying those maintenance fees, plaintiff discovered that only four of the twelve modules purchased from defendant were functioning. (*Id.* at 7, ¶ 17.) When defendant refused plaintiff's verbal and written requests for a reduction in the maintenance fees, plaintiff stopped payments. (*Id.* at 7, ¶ 18.) In January 2015, plaintiff's counsel demanded a refund of the paid maintenance fees and notified defendant of plaintiff's CFCA claims. (*Id.* at 8, ¶ 19.)

On May 20, 2016, defendant filed a motion for judgment on the pleadings, arguing that plaintiff lacked standing to pursue CFCA claims. (Doc. No. 58.) On June 7, 2016, plaintiff filed their opposition to defendant's motion for judgment on the pleadings. (Doc. No. 59.) On June 14, 2016, defendant filed their reply to plaintiff's opposition. (Doc. No. 60.)

## LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. U.S.*, 672 F.3d 620, 623 (9th Cir.2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir.1999)). *See also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (stating that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

Courts have discretion both to grant a motion for judgment on the pleadings with leave to amend or to simply grant dismissal of causes of action rather than grant judgment as to them. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see also Pacific West Group, Inc. v. Real Time Solutions, Inc.*, 321 Fed. Appx. 566, 569 (9th Cir. 2008)[1]; *Woodson v. State of California*, No. 2:15-cv-01206-MCE-CKD, 2016 WL 524870, at *2 (E.D. Cal. Feb. 10, 2016). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (noting that "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

ANALYSIS

In their motion for judgment on the pleadings, defendant argues that plaintiff, Sierra View Local Health District, lacks standing to pursue their CFCA claims. (Doc. No. 58.)

Under the CFCA, any person who submits a false claim to the state or a political subdivision may be sued for damages and civil penalties. Cal. Gov. Code, § 12651(a); *State Ex Rel. Harris v. PricewaterhouseCoopers, LLP*, 39 Cal. 4th 1220, 1227 (2006). A political subdivision includes "any city, city and county, county, tax or assessment district, or other legally authorized local government entity with jurisdictional boundaries." Cal. Gov. Code § 12650(b)(3).

Under California Government Code § 12652, CFCA claims can only be brought by the Attorney General, the prosecuting authority of a political subdivision, or a private party in a qui tam action. Cal. Govt. Code § 12652; *Los Angeles Memorial Coliseum Commission v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 819 (2015). When a person has submitted a false claim upon political subdivision funds, or upon state and political subdivision funds, the "prosecuting authority of the affected political subdivision may bring an action." Cal. Gov. Code § 12652(b)(1). *See also State ex rel. Harris v. PricewaterhouseCoopers, LLP*, 39 Cal. 4th 1220, 1227 (2006); *State ex rel. Dockstader v. Hambyi*, 162 Cal. App. 4th 480, 490 (2008) (stating that "CFCA authorizes the prosecuting authority of a local agency to pursue recovery only where its own political subdivision funds are at issue, or where both its own and state funds are at issue"). Under the statute, the "prosecuting authority" may be "the county counsel, city attorney, or other local government official charged with investigating, filing, and conducting civil legal proceedings on behalf of, or in the name of, a particular political subdivision." Cal. Gov. Code § 12650(b)(4); *see, e.g.*, *Debro v. Los Angeles Raiders*, 92 Cal. App. 4th 940, 949 (2001) (stating that "it is clear from the plain language of the statue that the 'official of the . . . political subdivision charged with responsibility to act' pertains to the responsible persons with the City of Oakland and Alameda County").

California law provides for the creation and operation of hospital districts in the state. California Health & Safety Code § 32121. Hospital districts created under § 32121 constitute

"special districts," agencies of government performing governmental or proprietary functions within limited boundaries. *See American River Fire Protection Dist. v. Board of Supervisors*, 211 Cal. App. 3d 1076, 1077 (1989); *see also Eden Tp. Healthcare Dist. v. Sutter Health*, 202 Cal. App. 4th 208, 230 (2011) (citing *Talley v. Northern San Diego County Hospital Dist.*, 41 Cal. 2d 33, 40 (1953)). They have the power "[t]o sue and be sued in all courts and places and in all actions and proceedings whatever," and may "employ legal counsel . . . to perform the functions in respect to the legal affairs of the district." Cal. Health & Safety Code § 32121(b), (f).

Defendant, in their motion for judgment on the pleadings, argues that plaintiff Sierra View lacks standing to bring its three CFCA claims because plaintiff is not a qui tam plaintiff or a "prosecuting authority" that may bring suit for political subdivision funds. (Doc. No. 58-1 at 4.) According to defendant, Sierra View "is not represented, nor is it alleged to be represented, by the Tulare City Counsel, a city attorney, or a government official authorized to bring suits under the [CFCA]," defendant contends. (*Id.* at 5.) Defendant argues that plaintiff therefore lacks standing to bring the CFCA claims and should not be granted leave to amend because amendment would be futile. (*Id.*)

Plaintiff, opposing defendant's motion, argues that Sierra View does have standing to bring CFCA claims. Plaintiff agrees that Sierra View is not a qui tam plaintiff, but contends that Sierra View may properly bring CFCA claims in its capacity as a "prosecuting authority" of a political subdivision, the Sierra View Local Health Care District. (Doc. No. 59 at 3.) Plaintiff makes four points in support of this contention. First, plaintiff asserts that Sierra View, as a local district hospital, is a political subdivision of the state of California under California Government Code § 12650(b)(6). (*Id.*) Second, plaintiff observes that the funds at issue are political subdivision funds under California Government Code § 12650(b)(7). (Doc. No. 59 at 3.) Third, plaintiff argues that Sierra View is a proper "prosecuting authority" because it has authority to bring suits on its own behalf under California Health & Safety Code § 32121(b). (*Id.* at 4–5.) Though acknowledging that it is being represented by private counsel, plaintiff notes that California's Health & Safety Code § 32121(f) specifically authorizes hiring of private counsel for legal advice and assistance. (Doc. No. 59 at 4–5.) Finally, plaintiff argues that its FAC provides

5

1 defendant sufficient notice that plaintiff brings its CFCA claims in its capacity as prosecuting
2 authority for the Sierra View district.  (*Id.* at 5–6.)  In this latter regard, plaintiff points to the
3 language of the FAC, which alleges that "Plaintiff is a political subdivision of the State of
4 California," (Doc. No. 26 at 18, 21, 25, ¶¶ 68, 80, 94).  Plaintiff argues that "[t]his allegation is
5 sufficient to provide notice to Influence that Sierra View has all the powers and authority vested
6 to Local District Hospitals by statute." (Doc. No. 59 at 5.)  Finally, plaintiff requests that in the
7 event the court grants defendant's pending motion, it be granted leave to amend the FAC with
8 respect to its CFCA claims.  (*Id.* at 6.)

9        In their reply, defendant argues that Health & Safety Code § 12650 does not confer
10 "prosecuting authority" powers upon Sierra View.  (Doc. No. 60 at 2–4.)  Defendant contends
11 that, while § 12650 authorizes Sierra View to stand as a party to litigation and to retain private
12 counsel, the statute does not grant Sierra View the power to act as its own "prosecuting authority"
13 within the meaning of the CFCA.  (*Id.*).

14        Defendant's arguments are persuasive.  The parties do not dispute that the funds at issue
15 are political subdivision funds, or that Sierra View is a political subdivision of the State of
16 California.  The only disputed issue is thus whether Sierra View is a "prosecuting authority" that
17 may properly bring CFCA claims to recover the relevant funds.  The court concludes plaintiff
18 Sierra View has not pled sufficient facts that, if proven, would demonstrate it acts as a
19 "prosecuting authority" under the CFCA.  In the FAC, plaintiff alleges that Sierra View bring its
20 claims as "a political subdivision of the State of California," (Doc. No. 26 at 18, 21, 25, ¶¶ 68, 80,
21 94), but does not allege or specify how Sierra View was charged with investigating, filing, or
22 conducting CFCA civil legal proceedings.[2]  In opposition to defendant's motion to dismiss,
23 plaintiff notes that California law allows hospital districts such as Sierra View to "sue and be sued

---

[2] In their opposition, plaintiff also indicates that a witness, John Chivers, Chief Financial officer for Sierra View, could "testify under oath that he is a local government official hired by the elected board of directors for Sierra View, and that his job duties include, in part, investigating false claims made to and paid by the hospital, and when necessary hiring legal counsel to file and conduct civil legal proceedings on behalf of and in the name of Sierra View." (Doc. No. 59 at 6.)  However, plaintiff does not make any such allegations in their FAC, or otherwise allege that Sierra View officers are the "prosecuting authority" for the relevant political subdivision.

6

in all courts," and to obtain legal services through private counsel. Cal. Health and Safety Code § 32121. But, as defendant indicates, the ability to stand as a party to litigation and to retain private counsel does not itself demonstrate Sierra View is a "prosecuting authority" within the meaning of Cal. Gov. Code § 12650. *See Los Angeles Memorial Coliseum Commission*, 233 Cal. App. 4th at 900 (finding that plaintiffs lacked standing to bring a CFCA claim because "allegations of the operative first amended complaint [did not] suggest or imply that either the Coliseum or the Association [plaintiffs] were otherwise 'charged with the investigating, filing, and conducting civil legal proceedings in behalf of, or in the name of, a particular political subdivision'"); *see also State ex. Rel. Hindin v. Hewlett-Packard Co.*, 153 Cal. App. 4th 307, 314, 320 (2007) (finding that an individual employee of a political subdivision did not have standing to bring a CFCA claim as a "prosecuting authority" because the CFCA defines prosecuting authority as "a public official such as the Attorney General, not a private individual such as [the plaintiff]"). Accordingly, even taking all the allegations in plaintiff's FAC as true, plaintiff would lack standing to pursue its claims under the CFCA. Accordingly, defendant's motion will be granted.

Whether or not plaintiff should be granted leave to amend depends on whether plaintiff could amend their complaint to allege facts supporting standing under Cal. Gov. Code § 12650. *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (indicating that leave to amend should be granted unless it is clear the complaint could not be saved by amendment). The CFCA does not expressly limit the types of officials who may be "charged with investigating, filing, and conducting civil legal proceedings on behalf of, or in the name of" political subdivisions. Cal. Gov. Code § 12650. No California court has directly addressed the question of whether political subdivisions may bring claims on their own behalf, or retain private counsel to do so. *Cf. Los Angeles Memorial Coliseum Commission v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 822 (2015) (stating that, because it was undisputed that an action was not brought by a prosecuting authority, "[w]e do not have to deal with whether attorneys working in a government agency or subdivision are or can be" prosecuting authorities). In the absence of authority suggesting that Sierra View or Sierra View employees are foreclosed from acting as "prosecuting authorities" under the CFCA, it is therefore not "clear that amendment would be futile" here. *Thinket Ink Information*

*Resources, In. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (finding that leave to amend is properly denied if amendment would be futile).  Here, it is conceivable that plaintiff could in good faith allege facts supporting the notion that the CFCA claims are being pursued by a local government official charged with investigating, filing, and conducting civil legal proceedings on behalf of, or in the name of, a particular political subdivision as authorized by California Government Code § 12650(b)(4).  Accordingly, the court will exercise its discretion to dismiss plaintiff's CFCA claims with leave to amend.

## CONCLUSION

For the reasons stated above:

1. Defendant's motion for judgment on the pleadings, (Doc. No. 58), is granted;
2. Plaintiff's CFCA causes of action are dismissed with leave to amend; and
3. If plaintiff wishes to pursue the CFCA claims, it shall file a second amended complaint within twenty one (21) days of the date of this order.

IT IS SO ORDERED.

Dated: **August 5, 2016**

_____
UNITED STATES DISTRICT JUDGE